**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TERRENCE HOLMES,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL ACTION NO. 3:17-CV-1567** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **PA DEPT. OF CORRECTIONS**, *et al.,* : | |
| : | |
| **Defendants** : | |

# M E M O R A N D U M

## I. Introduction

The *pro se* Plaintiff, Terrence Holmes, an inmate formerly housed at the Coal Township State Correctional Institution (SCI-Coal Twp) in Coal Township,[1] Pennsylvania, filed this civil-rights action asserting a claim of "medical neglect" for his on-going testicular and kidney pain. (ECF No. 1.) Named as Defendants are the following individuals who work at SCI-Coal Twp: Physician Assistant (PA) Nicholle Boguslaw; Facility Manager Thomas McGinley; Corrections Health Care Administrator (CHCA) Merritt-Scully and Medical Director Dr. Michael Moclock. Mr. Holmes seeks leave to proceed *in forma pauperis*. (ECF Nos. 2 and 7.)

The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, Mr. Holmes' motions for leave to proceed *in forma pauperis* will be granted. However, for the reasons set forth below, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii). Mr. Holmes will be granted leave to file a curative amended complaint.

---

[1] Plaintiff is currently housed at SCI-Laurel Highlands, in Somerset, Pennsylvania. *See* http://inmatelocator.cor.pa.gov/ (last visited March 4, 2019).

## II. Standard of Review for Screening *Pro Se In Forma Pauperis* Complaints

When a litigant seeks to proceed *in forma pauperis*, without payment of fees, 28 U.S.C. § 1915 requires the court to screen the complaint. *See* 28 U.S.C. § 1915(e)(2)(B). Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the court must screen the complaint. *See* 28 U.S.C. § 1915A(a). Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i) - (iii); 28 U.S.C. § 1915A(b)(1) - (2); *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).

A complaint is frivolous if it lacks an arguable basis either in law or fact. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 1832 - 33, 104 L.Ed.2d 338 (1989)). In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). Under Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 - 11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949 - 50, 173 L.Ed.2d 868 (2009)). The court may also rely on exhibits attached to the complaint and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). A complaint is required to

provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)).

To test the sufficiency of the complaint, the court "must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, a court must "take note of the elements a plaintiff must plead to state a claim." *Id.* (internal quotations and brackets omitted). Second, the court must identify allegations that are merely legal conclusions "because they . . . are not entitled to the assumption of truth." *Id.* While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964). Third, a court should assume the veracity of all well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1949).

A complaint filed by a *pro se* plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 - 21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Yet, even a *pro se* plaintiff "must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir.2013) (citation omitted). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014).

### III. Allegations of the Complaint

For the past nine years Mr. Holmes has suffered from right testicular pain and right kidney pain. (ECF No. 1, p. 5.) At some point in 2017, Mr. Holmes requested to be seen at sick call for these complaints. He was seen by PA Boguslaw, who did not physically examine him, but determined his condition was not serious, gave him Ibuprofen, and sent him back to his housing unit. When his condition worsened, he returned to sick call "several times" and was provided with the same pain medication but was never examined.

Dr. Michael Moclock is the Medical Director at SCI-Coal. He supervises the treatment and care provided to inmates at the facility. Plaintiff wrote a request slip to Dr. MoClock inquiring "why he was not being properly diagnosed and treated for his condition." (*Id*., p. 6.) Dr. Moclock responded that Ms. Boguslaw's assessment was correct and no further diagnosis or treatment was needed.

Plaintiff was seen on at least three separate occasions and received only temporary relief from the pain medication he received. He filed a grievance to former Superintendent Mooney (non-defendant) requesting a biopsy and further diagnostic testing to determine the cause of his condition which he suspects could be cancer. (*Id.*, pp. 4 – 5.) Superintendent Mooney stated that he did not possess the authority to order a biopsy or other medical treatment. Ultimately Mr. Holmes' grievance was denied "due to procedural default." (*Id*., p. 5.)

Plaintiff seeks monetary and injunctive relief.[2]

---

[2] A prisoner's transfer or release from prison moots his claims for injunctive or declaratory relief since he is no longer subject to the conditions he alleges are unconstitutional.

## IV. Discussion

### A. Claims against PA Boguslaw and Dr. Moclock

A prison official or private physician under contract to treat state inmates violates the Eighth Amendment when he acts with "deliberate indifference" to the inmate's serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 1974, 128 L.Ed.2d 811 (1994). A finding of deliberate indifference must be based on what an official actually knew, rather than what a reasonable person should have known. *See Beers–Capitol v. Whetzel*, 256 F.3d 120, 131 (3d Cir. 2001).

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976). Such indifference may be evidenced by an intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, denial of reasonable requests for treatment that results in suffering or risk of injury, *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury." *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990).

At the same time, "[a] prisoner does not have the right 'to choose a specific form of medical treatment.'" *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 1990)). An inmate's mere disagreement with medical professionals "as to the proper medical treatment" of his medical complaint does not support an Eighth Amendment violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004); *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 192 n.2 (3d Cir. 2002)

---

*See Abdul-Akbar v. Watson*, 4 F.3d 195, 206 – 07 (3d Cir. 1993). As Mr. Holmes is no longer housed at SCI-Coal, his claim for injunctive relief is moot.

- 5 -

(claims of medical malpractice, absent evidence of a culpable state of mind, do not constitute deliberate indifference under the Eighth Amendment).

Additionally, a claim that a doctor or medical department was negligent does not rise to the level of an Eighth Amendment violation simply because the patient is a prisoner. *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292. Accordingly, a "medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." *Id*. at 107, 97 S.Ct. at 293.

Here, Mr. Holmes alleges he was seen by PA Boguslaw on at least one occasion for his complaints of on-going testicular and kidney pain. On more than one occasion he was provided with pain medication which he concedes provided "temporary relief". When his symptoms reoccurred he again requested to be seen by the medical staff and was seen and again provided with pain medication. He was not seen by Dr. Moclock, but Dr. Moclock did respond to his inquiry questioning PA Boguslaw's care. Dr. Moclock concurred with PA Boguslaw's care. Mr. Holmes does not assert PA Boguslaw or Dr. Moclock failed to provide him with any treatment or ignored his complaints of pain. Additionally, he does not suggest any Defendant, or any other medical or prison staff, prevented him from returning to the medical unit should his symptoms worsen or denied his requests to be seen at sick call.

As noted above, plaintiff must prove the "unnecessary and wanton infliction of pain" to support an Eighth Amendment medical claim. *Whitley v. Albers*, 475 U.S. 312, 319-20, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Id*., 475 U.S. at 319, 106 S.Ct. at 1084.

Based on the allegations of the Complaint, Mr. Holmes Eighth Amendment claim against PA Boguslaw and Dr. Moclock fails to support this necessary element.

While Mr. Holmes perhaps sought more aggressive treatment and diagnostic testing, this disagreement in care at most rises to the level of negligence and does not assert an Eighth Amendment claim of deliberate indifference to his serious medical needs. The claims against PA Boguslaw and Dr. Moclock will be dismissed without prejudice based on Mr. Holmes' failure to state a claim for which relief may be granted.

### B. Claims against Facility Manager McGinley and CHCA Merritt-Scully

Individual liability can be imposed under 42 U.S.C. § 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)); *Sutton v. Rasheed*, 323 F.3d 236, 249 – 50 (3d Cir. 2003). The personal involvement of a defendant in a § 1983 action may be shown "through allegations of personal direction or of actual knowledge and acquiescence." *Argueta v. U.S. Immigration & Customs Enf't*, 643 F.3d 60, 71 (3d Cir. 2011) (quoting *Rode*, 845 F.2d at 1207). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of "conduct, time, place, and persons responsible." *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207 - 08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208. Moreover, a defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Olivia*, 226 F.3d 198, 201 – 02

(3d Cir. 2000). Allegations that a supervisor "had constructive knowledge of a subordinate's unconstitutional conduct simply because of his role as a supervisor" do not suffice. *Broadwater v. Fow*, 945 F.Supp.2d 574, 588 (M.D. Pa. 2013) (citing *C.H. ex rel. Z.H.*, 226 F.3d at 202).

Although included in the caption of the Complaint, Mr. Holmes asserts no factual allegations involving Mr. McGinley. CHCA Merritt-Scully is neither named caption of the Complaint nor mentioned anywhere in the Complaint. Accordingly, Plaintiff's claims against Mr. McGinley and CHCA Merritt-Scully will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Leave to Amend

Mr. Holmes will be granted twenty-one days to file an amended complaint exclusively addressing the medical care he received at SCI-Coal. If Mr. Holmes decides to file an amended complaint, he must clearly designate on the face of the document that it is the "Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped (double spaced) or legibly rewritten (double spaced) in its entirety, preferably on the court-approved form. In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Mr. Holmes is advised that any amended complaint he may file supersedes (replaces) the original complaint. In addition, it must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1; *see also W. Run Student Hous. Assocs. V. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013). Consequently, all causes of action

alleged in the original complaint which were not dismissed with prejudice and are not replead in the amended complaint are waived.

Plaintiff is also advised that his amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations should provide specific facts as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual defendant did that led to deprivation of his rights. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948. Plaintiff must also specify the relief he seeks. Mr. Holmes failure to file an appropriate amended complaint within the required time will result in the Court dismissing his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate order follows.

**Date: March 20, 2019**     /s/ A. Richard Caputo
    **A. RICHARD CAPUTO**
    **United States District Judge**