**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TERRENCE HOLMES,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION NO. 3:17-CV-1567** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **PA DEPT. OF CORRECTIONS*, et al.,*** | : | |
| | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

## I.    Introduction

Terrence Holmes, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 concerning his medical care while housed at the Coal Township State Correctional Institution (SCI-Coal Township).   Specifically, Mr. Holmes argues that his complaints of left nipple discharge, which was ultimately diagnosed as breast cancer, was improperly treated by Defendants.   He also argues that Defendants delayed ordering dialysis for his kidney disease causing his kidney functions to decline.   This matter proceeds on the May 2019 Amended Complaint. (ECF No. 15.)   Plaintiff names Nicholle Boguslaw, PA-C and Dr. Michael Moclock, two of the contract medical care providers employed at SCI-Coal Township, as Defendants.

Presently before the Court is Mr. Holmes Motion to Compel Defendants to produce his medical records which they obtained from the Pennsylvania Department of Corrections.   (ECF No. 26.)   The motion has been fully briefed, and for the following reasons, the motion will be denied.

## II. Standard of Review

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." This scope formally included matters that were "reasonably calculated" to lead to the discovery of relevant evidence, but Rule 26 as amended, no longer includes this language. A matter is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and, the fact is of consequence in determining the action." Fed. R. Evid. 401. The scope and conduct of discovery are within the sound discretion of the trial court. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 661-62 (3d Cir. 2003); *see also McConnell v. Canadian Pacific Realty Co.*, 280 F.R.D. 188, 192 (M.D. Pa. 2011) ("Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment.").

Federal Rules of Civil Procedure 33 and 34 provide that a party upon whom interrogatories and requests for production of documents have been served shall serve a copy of the answers, and objections, if any, to such discovery requests within thirty days after the service of the requests. Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). A shorter or longer time may be directed by court order or by stipulation of the parties. (*Id.*; *see also* Fed. R. Civ. P. 29.)

Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery. Under Rule 37(a), a party may file a motion to compel discovery when the opposing party fails to respond or provides incomplete or evasive answers to properly propounded document request or interrogatories. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii -

iv).  Pursuant to Fed. R. Civ. P. 37(a)(5)(A), if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

## III.    Discussion

Mr. Holmes' motion to compel takes issue with the Defendants' response to his request for a copy of his medical records.  (ECF No. 26.)  The Defendants argue that Mr. Holmes medical records are property of the Pennsylvania Department of Corrections (DOC) and while the Defendants possess a copy of his medical records, Mr. Holmes has access to his own records via the DOC's Release of Information Policy, DC-ADM 003.[1]

Pursuant to Fed. R. Civ. P. 34(a)(1), "a party may serve on any other party a request within the scope of Rule 26(b) … to produce and permit the requesting party or its representative to inspect copy, test, or sample … items in the responding party's possession, custody, or control".  Given the medical issues at hand, Mr. Holmes' medical records for the period of his incarceration at SCI-Coal Township are relevant.  It is easy to envision how the requested documents could lead to the discovery of admissible evidence.  With that said, however, the Court notes that Mr. Holmes seeks to compel Defendants to produce documents that are readily available to him and can

---

[1]  A copy of the DOC's DC-ADM 003, *Release of Information* policy is available via the DOC's website at https://www.cor.pa.gov. (Search: About Us/DOC Policies/003 Release of Information; last visited September 10, 2019).

easily obtain outside of the discovery process.  Moreover, he is currently housed at SCI-Laurel Highlands where his complete medical record is also located.  Aside from noting that Defendants "have the copies of [his medical records] in their possession and can provide copies to the plaintiff," Mr. Holmes does not suggest why he cannot review his medical records at SCI-Laurel Highlands by following the practice outlined in DC-ADM 003.  (ECF No. 26 at 2.)  He also does not argue he attempted to utilize the DOC's available prison procedures to access his medical records and obtain copies, or that the DOC ignored, delayed, or refused to answer his request to review his chart.  Also, to the extent Mr. Holmes believes the discovery process requires Defendants to "provide copies [of his medical records] to plaintiff," he is incorrect.  The discovery process only makes the responsive document available to him for inspection and copying, Defendants are not required to provide him with *gratis* copies.  There "is no provision in the [*in forma pauperis*] statute for the payment by the government of the costs of discovery copies, deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."  *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993).[2]

---

[2] If Mr. Holmes does not have sufficient funds in his account to pay for the portions of his medical record he wishes to copy, he should consult the Inmate Handbook to see if he qualifies for copying costs as an indigent.

**IV.    Conclusion**

Accordingly, Mr. Holmes' motion to compel the Defendants "to provide [him with] copies" of his medical records will be denied.  If Mr. Holmes needs additional time to review his medical records prior to filing his brief in opposition to Defendants' motion for summary judgment, which is due by Friday, September 27, 2019, *see* ECF No. 25, he simply needs to file an appropriate motion for enlargement of time.

An appropriate order follows.

Date: **September 16, 2019**                          A. Richard Caputo
                                                     **A. RICHARD CAPUTO**
                                                     **United States District Judge**